UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SAMMIE LEE REAVES                    CIVIL ACTION NO. 10-cv-1194

VERSUS                               JUDGE STAGG

FRANK ZACCARIA                       MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Sammie Lee Reaves ("Plaintiff") commenced this action by filing a pro se complaint on a form provided by the court for filing civil rights actions.  Plaintiff alleges that he hired local attorney Frank Zaccaria to represent him in connection with a criminal matter, presumably pending in Bossier Parish where Plaintiff is incarcerated. Plaintiff complains that Zaccaria charged him $5,000 to represent him and then lied to Plaintiff about his case, did not conduct discovery as promptly as Plaintiff wished, and did not suitably challenge lab reports and other evidence used by the prosecution.  Plaintiff alleges that his family tendered $4,200, but his sister stopped payment on the check when she found out Zaccaria was lying and conspiring with the district attorney.  Plaintiff requests a return of the $4,200 (although the complaint suggests it was never actually paid) and $50,000 in damages.

The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous.  The court also has a duty to examine the basis for subject matter jurisdiction.  Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate

for that reason and pursuant to § 1915.  Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).[1]

Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists.  Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986).  The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The court has carefully examined Plaintiff's complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear this action.

Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).  Plaintiff is currently imprisoned in Louisiana in connection with a Louisiana criminal charge, and he offers no facts to suggest that he is a citizen of a state other than Louisiana.  Accordingly, the court

---

[1] Even if the plaintiff is not proceeding IFP, "a district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). The procedure employed here is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

may not exercise diversity jurisdiction if any defendant is also a citizen of Louisiana. Plaintiff alleges that defendant Zaccaria may be served at an address in Bossier City, Louisiana. Plaintiff offers no allegations to suggest that Zaccaria is a citizen of a state other than Louisiana, and the court is aware that Zaccaria has long been an attorney in the Shreveport-Bossier community. The apparent Louisiana citizenship of both Plaintiff and defendant Zaccaria destroys the potential for diversity jurisdiction.

Section 1332 also requires an amount in controversy in excess of $75,000. Plaintiff seeks return of only $4,200 in fees and an award of $50,000 in damages, so this element is missing as well.

There is also no apparent basis for the exercise of federal question jurisdiction under Section 1331.  The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction.  The rule requires the complaint to set forth a federally created right or require resolution of a substantial question of federal law.  Chuska Energy Co. v. Mobil Exploration & Producing North America, Inc., 854 F.2d 727, 730 (5th Cir. 1988). There is no federal jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff does not cite any federal laws that would provide him a cause of action under the facts alleged, and the court's review of the complaint does not reveal a basis for any such

claim. It appears that all of Plaintiff's claims would fall under state law theories of legal malpractice, tort, or contract.

Plaintiff did file his complaint on a form to be used to file claims under 42 U.S.C. § 1983, but that statute applies only when the defendant (such as a policeman or corrections officer) is acting under color of state law.  The complaint suggests that attorney Zaccaria acted as a private, retained counsel rather than as a government official or some other form of state actor, so no Section 1983 claim could lie against him.  See West v. Atkins, 108 S.Ct. 2250 (1988).  Even if Zaccaria were acting as a court-appointed attorney or serving as a public defender, he would not have been a state actor for purposes of Section 1983. Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988); Amir-Sharif v. Dallas County Public Defenders Office, 233 Fed.Appx. 364, 365 (5th Cir. 2007).

Plaintiff's complaint does not satisfy his obligation of presenting facts that permit this court to exercise subject-matter jurisdiction over his claims.  His motion to proceed in forma pauperis should be granted based on the showing made therein, but the complaint should then be dismissed without prejudice for lack of subject-matter jurisdiction.  If Plaintiff wishes to pursue his claims, he will have to do so in a state court that has jurisdiction and is a proper venue.

The court has an obligation to review prisoner pauper petitions, and it is to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). This case falls within that description because there is no

plausible basis for the exercise of federal jurisdiction over the claim asserted. Plaintiff's complaint is patently frivolous and should be dismissed as such. Plaintiff is warned that, pursuant to 28 U.S.C. § 1915(g), if a prisoner has brought actions or appeals that were on three or more occasions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the prisoner will be precluded from bringing any civil action in forma pauperis unless he is under imminent danger of serious physical injury.

The undersigned recently recommended that a similar complaint that Plaintiff filed against another attorney be dismissed as frivolous.  See Reaves v. Nader, 10-cv-0982. Plaintiff should be careful when considering the filing of another complaint, because it may be his third and final strike.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion for Leave to Proceed in Forma Pauperis (Doc. 2)** be **granted**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2). The dismissal should also be deemed frivolous, pursuant to 28 U.S.C. § 1915A(b), so that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of August, 2010.

_____

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE